**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| **OMNIBIOTICS, LLC AND** | ) | |
| **JASON GREEN** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **VERIFIED COMPLAINT AND** |
| **v.** | ) | **FOR DECLARATORY RELIEF** |
| | ) | |
| | ) | **Case No.** ___1:21-cv-1227___ |
| | ) | |
| **INSTITUT ALLERGOSAN** | ) | |
| **PHARMAZEUTISCHE** | ) | |
| **PRODUKTE FORSCHUNGS – UND** | ) | **JURY TRIAL DEMANDED** |
| **VERTRIEBS GMBH AND** | ) | |
| **ALLERGOSAN USA, LLC** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

Plaintiffs OmniBiotics, LLC and Jason Green (collectively "Plaintiffs" or "OmniBiotics")

for their Complaint against Defendant Institut Allergosan Pharmazeutische Produkte Forschungs

– und Vertriebs GmbH ("Institut Allergosan") and Defendant Allergosan USA, LLC

("Allergosan USA") (collectively "Defendants") allege as follows:

**NATURE OF THE ACTION**

1.      Pursuant to 15 U.S.C. § 1071(b)(1) and 37 C.F.R. § 2.145, this Complaint serves

as an appeal from the decision of the Trademark Trial and Appeal Board ("T.T.A.B.") of the

U.S. Patent and Trademark Office ("U.S.P.T.O.") in the cancellation proceeding *Green v. Institut*

*Allergosan Pharmazeutische Produkte Forschungs- und Vertriebs GmbH¸*Cancellation No.

92069600 ("Cancellation Proceeding").

2.      Plaintiffs seek reversal of the T.T.A.B.'s September 1, 2021 decision in the

Cancellation Proceeding (T.T.A.B. Sept. 1, 2021) ("T.T.A.B. Decision") because the T.T.A.B.

1

erred in determining who was the senior user of the competing trademarks in question based on flawed evidence.

3.      This is also an action for trademark infringement and unfair competition under the Lanham Act and the Commonwealth of Virginia.

4.      Plaintiffs initiated the Cancellation Proceeding and asserted their prior use of their OMNIBIOTICS trademark ("OMNIBIOTICS Mark") as basis to cancel Defendant Institut Allergosan's U.S. Federal Trademark Registration No. 5,243,392 ("the 392 Registration") for the standard character mark OMNI BIOTIC (BIOTIC disclaimed) ("Defendants' Mark").  On September 1, 2021, the T.T.A.B. issued its T.T.A.B. Decision where it dismissed the Cancellation Proceeding upholding the 392 Registration claiming use in relation to:

> Food supplements, in particular antioxidants, adapted for medical use; dietetic preparations, namely, powder mix adapted for medical use and food supplements for medical use; dietetic preparations, namely powder mixes for the preparation of beverages for medical use; dietetic preparations for specific medical purposes or balanced diets, namely nutritional supplements, allergy relief medication, bacterial preparations for medical purposes, bacterial culture mediums, natural dietary supplements; food for babies in particular milk powder for babies, food supplements and dietetic nutritional supplements for sports and enhancing performance for medical purposes; mineral food supplements, starch for dietetic or pharmaceutical purposes; food supplements, mainly consisting of vitamins, amino acids, minerals and trace elements for medical purposes; herbal teas for medicinal purposes; pharmaceutical, veterinary and dietetic preparations, as well as preparations for health care, namely dietary supplements and dietary supplements for animals; infant formula; nutritive substances for microorganism cultures; vitamin preparations; medical preparations for weight loosing purposes; appetite suppressants for medical purposes; bacterial preparations for medical and veterinary use; bacteriological preparations for medical and veterinary use; biological preparations for medical purposes for the treatment of constipation and intestine disorder; dietetic substances adapted for medical use; dietetic foods adapted for medical use; enzyme preparations for medical purposes; capsules for medical purposes for the treatment of constipation and intestine disorder; bouillons and nutritive substances for bacteriological cultures; digestives for pharmaceutical purposes; pharmaceutical health care preparations and medicinal health care preparations for the treatment of constipation and intestine disorder

in International Class 005. In dismissing the Cancellation Proceeding, the T.T.A.B. erred in finding that: (1) OmniBiotics had failed to show by a preponderance of the evidence that OmniBiotics used the OMNIBIOTICS Mark prior to Defendant Institut Allergosan's first use of its OMNI BIOTIC mark in the United States; and (2) OmniBiotics' fraud claim failed because OmniBiotics did not show that Defendant Institut Allergosan made a false representation with a knowing intent to deceive.

5.      In addition, Plaintiffs assert that Defendants' use of the OMNI BIOTICS mark starting in 2019 in the United States to sell the same types of probiotics, supplements and other goods as Plaintiffs in overlapping markets is causing consumer confusion and that as a result Defendants are liable for infringement and unfair competition.

6.      In the alternative, Plaintiffs seek a declaratory judgment and a finding that if somehow Defendants can establish that their OMNI BIOTIC Mark is senior to Plaintiffs' OMNIBIOTICS Mark, that the marks co-existed in the marketplace for years and that there is no likelihood of confusion between the parties' marks.

## THE PARTIES AND JURISDICTION

7.      Plaintiff OmniBiotics LLC is a Wyoming limited liability company with an address at 680 South Cache Street, Suite 100 Jackson, WY 83001.

8.      Plaintiff Jason Green, an individual with an address at 342 Moo 5, Mae Raem, Mae Rim, Chiang Mai, Thailand 50180, is the sole owner and managing member of OmniBiotics LLC.

9.      Defendant Institut Allergosan is an Austrian limited liability company with an address at Gmeinst raße 13, A-8055 Graz, Austria.

10.     Defendant Allergosan USA, LLC is a Delaware company with a principal place of business at 181 Westchester Avenue, Suite 407A, Port Chester, NY 10573.

11.     Upon information and belief, Defendant Allergosan USA was formed in 2019 through a joint-venture with Defendant Institut Allergosan to bring Defendant Institut Allergosan's products to the United States.

12.     Upon information and belief, Defendants are in the business of research and development of products made from natural substances such as probiotic bacteria, plant extracts and minerals.

13.     This Court has jurisdiction over the subject matter of this action pursuant to 5 U.S.C. § 701, *et seq.*; 15 U.S.C. §§ 1121 and 1071(b)(1); and 28 U.S.C. §§ 1331, 1338(a) and (b). The Court has supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367(a) because they are substantially related to its federal claims and arise out of the same case or controversy.

14.     Because Defendant Institut Allergosan resides in a foreign country, this Court has personal jurisdiction over Defendants pursuant to 15 U.S.C. § 1071(b)(4).  This Court also has pendant personal jurisdiction over Plaintiffs' related claims stemming from the common nucleus of operative facts. This Court also has personal jurisdiction over Defendants because they directly target business activities towards customers in the United States, including Virginia and this District.  Defendants' websites provide interactive features including the ability to purchase goods that display Defendants' Mark and advertisements displaying Defendants' Mark.  As of 2019, Defendants have targeted sales to Virginia residents by actively operating online stores that offer shipping throughout the United States, including Virginia and this District, and accept payment in U.S. dollars.  Consumers in Virginia and this District may order products directly

4

from Defendants.  Upon information and belief, Defendants ship their products to this District by requesting shipping information from Virginia residents.  Each of the Defendants are committing tortious acts in Virginia, are engaging in interstate commerce, and have wrongfully caused Plaintiffs substantial injury in the Commonwealth of Virginia.

15.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3) because Defendant Institut Allergosan, a foreign-based corporation, is subject to this Court's jurisdiction under 15 U.S.C. § 1071(b)(4).  Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b).

**FACTUAL ALLEGATIONS**

**PLAINTIFF'S TRADEMARK APPLICATION FOR ITS OMNIBIOTICS MARK**

16.    Plaintiff Green is the owner of suspended U.S. Trademark Application Serial No. 87/091,028 ("the 028 Application") for the mark OMNIBIOTICS in connection with "Dietary and nutritional supplements; Herbal supplements; Multivitamin preparations; Probiotic supplements; Nutritional supplements, namely, probiotic compositions" in International Class 005.

17.    Plaintiff Green filed the 028 Application with the U.S.P.T.O. on July 1, 2016 claiming a date of first use and first use in commerce in March of 2015. Plaintiffs have been, and continue to be, damaged by the 392 Registration because, among other things, the 392 Registration has been cited against Plaintiff Green's 028 Application as a basis for refusal of registration under Trademark Act Section 2(d), 15 U.S.C. § 1052(d). *See* July 11, 2018, Final Office Action, attached as Exhibit A.

## PLAINTIFF AND ITS OMNIBIOTICS TRADEMARK AND PRODUCTS

18.    Plaintiffs use the OMNIBIOTICS Mark, in part, in connection with health, herbal, and natural supplements.

19.    Plaintiffs' products are widely available for purchase by the public, including on Plaintiffs' website, https://omnibiotics.com/, and from online retailers such as Amazon, Google Shopping, PickVitamin, Shopee, and eBay, among others.

20.    The first OMNIBIOTICS product went on sale in the United States at least as early as March 2015.

21.    Plaintiffs have created many innovative and distinctive herbal and natural supplements offered under the OMNIBIOTICS Mark.  Plaintiffs have revolutionized the premium natural supplements industry by combining high quality herbs at an affordable price with their OMNIBIOTICS products.

22.    Plaintiffs, through their OMNIBIOTICS Mark, have become widely recognized by relevant consumers as the source of premium natural supplements.

23.    In addition to premium natural supplements, Plaintiffs also sell vitamins bearing the OMNIBIOTICS Mark.

24.    The OMNIBIOTICS Mark has acquired distinctiveness and secondary meaning signifying Plaintiffs' products. Consumers throughout the United States have come to rely on Plaintiffs' OMNIBIOTICS mark to distinguish Plaintiffs' products and services from those of others since at least March 2015.

25.    Plaintiffs have expended significant resources in advertising, marketing, and promoting their OMNIBIOTICS Mark.

26.    Plaintiffs have invested substantially in the OMNIBIOTICS Mark to maintain their distinctive image in the marketplace.

## DEFENDANTS' TRADEMARK

27.    Defendant Institut Allergosan is the owner of the 392 Registration for the mark "OMNI BIOTIC". The application leading to the 392 Registration was filed pursuant to Section 66(a) of the Trademark Act.

28.    The U.S.P.T.O. issued the 392 Registration on July 18, 2017 with a priority date claimed of July 2, 2015.

29.    Upon information and belief, from March of 2015 until 2019, Defendants made no use of their OMNI BIOTIC mark or sales of products with that mark in the United States.

## INJURY TO PLAINTIFF AND THE PUBLIC

30.    Since at least as early as March of 2015, Plaintiffs have continuously used the OMNIBIOTICS name in interstate commerce in the United States in connection with premium natural supplements.

31.    Plaintiffs have invested, and continue to invest, substantial resources and considerable time, effort, and energy in advertising, using, promoting, marketing, and developing public awareness of the OMNIBIOTICS brand.

32.    As a result of Plaintiffs' substantial time and effort devoted to advertising and promoting their goods and services in connection with the OMNIBIOTICS Mark, Plaintiffs have developed a valuable reputation and goodwill with respect to the OMNIBIOTICS Mark.

33.    The OMNIBIOTICS Mark is symbolic of extensive goodwill and consumer recognition for Plaintiffs.

34.    The OMNIBIOTICS Mark is immediately recognized and relied upon by the relevant consumers as identifying Plaintiffs' high-quality products, distinguishing them from the goods/services of others, and identifying Plaintiffs as the source of origin for their goods.

35.    Defendants promote goods on their websites, including https://www.omnibioticlife.com/ and https://www.omni-biotic.com/en/ using Defendants' Mark. As of 2019, Defendants' goods were offered for sale in the United States, including in Virginia.

36.    Defendants' websites are accessible to Internet users throughout the United States, including users located in Virginia and this District, 24 hours a day, seven days a week.

37.    Defendants' websites provide interactive features including the ability to purchase goods that display Defendants' Mark and advertisements displaying Defendants' Mark.

38.    Plaintiffs are not affiliated or connected with the Defendants or their goods, and Plaintiffs have not endorsed or sponsored Defendants or their goods.

39.    Plaintiffs have no control over the nature and quality of the goods that are, and/or will be, offered under the Defendants' Mark, and the value of Plaintiffs' OMNIBIOTICS Mark is being jeopardized by the Defendants' Mark.

40.    Due to the cited likelihood of confusion between the parties' marks from the U.S.P.T.O., any defects, improprieties, or faults found with the Defendants' goods and/or services marketed under the Defendants' Mark may negatively reflect upon and injure the reputation that Plaintiffs have established for the goods they offer in connection with the OMNIBIOTICS Mark.

41.    Plaintiffs' use of the OMNIBIOTICS Mark has been valid and continuous since at least March of 2015, there has been no interruption of use and the Mark has not been abandoned.

42.     Prior to Defendant Allergosan USA, LLC's formation in the United States in 2019, Plaintiffs are unaware of any confusion related to their use of the OMNIBIOTICS Mark with that of Defendants' use of the OMNI BIOTIC Mark.

43.     As of 2019, however, Defendants directly compete with Plaintiffs for the sale of supplements and related goods in the United States.  As of 2019, Defendants have and continue to advertise, promote, offer, and sell supplements and related goods under the OMNI BIOTICS mark in Virginia, including in this judicial district.

44.     Defendants advertise, promote, offer, and sell their products in the same channels of commerce and to the same classes of consumers as Plaintiffs advertise, promote, offer, and sell their products under the OMNIBIOTICS Mark.

45.     Plaintiffs have rights in their OMNIBIOTICS Mark that are superior to any rights Defendants may have in their OMNI BIOTICS mark, which Defendants use in connection with identical, similar, and/or related goods to those offered by Plaintiffs.

46.     Defendants are not authorized or permitted to use Plaintiffs' OMNIBIOTICS Mark, or any variations thereof.

47.     Defendants were aware of Plaintiffs' use of their OMNIBIOTICS when Defendants commenced use of their OMNI BIOTICS mark in 2019 in the United States and in this judicial district.

48.     Defendants' use of their OMNI BIOTICS mark continues to create a likelihood of confusion, mistake, or deception among consumers with Plaintiffs' OMNIBIOTICS Mark.

49.     Defendants knew, or should have known by the exercise of reasonable care, that their use of the OMNI BIOTICS mark in connection with supplements would cause confusion, mistake, or deception among consumers with Plaintiffs' OMNIBIOTICS Mark and brand.

50.    As a result of Defendants' conduct, Plaintiffs have suffered and will continue to suffer irreparable harm in addition to damages.

51.    Additionally, Defendants' Mark has and will continue to damage Plaintiffs because Defendants' Mark is being cited as a basis to reject Plaintiffs' Mark when used on or in connection with the registered goods and services, to cause confusion or to cause mistake with respect to the origin of the goods and services.

52.    By reason of Plaintiffs' use of the OMNIBIOTICS Mark prior to Defendants' first use and application for Defendants' similar mark, Plaintiffs have rights superior to those of Defendants and standing to petition for cancellation of the Defendants' Mark.

53.    Plaintiffs have been, and continue to be, damaged in that Trademark Registration No. 5,243,392 for the OMNI BIOTIC standard character mark has been cited against Plaintiff Green's Application as a basis for refusal of registration under Trademark Act Section 2(d), 15 U.S.C. § 1052(d). *See* July 11, 2018, Final Office Action, attached as Exhibit A.

### FIRST CLAIM FOR RELIEF
**Request for Judicial Review of the T.T.A.B. Decision Under
Section 21 of the Lanham Act, 15 U.S.C. § 1071(b)(1), and
Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d)**

54.    Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

55.    Plaintiffs respectfully request a *de novo* judicial review of the T.T.A.B. Decision.

56.    The T.T.A.B. Decision was in error because Defendants' OMNI BIOTIC mark does not have sufficient priority over Plaintiffs' prior OMNIBIOTICS Mark.

57.    More particularly, Defendants failed to provide competent, verified evidence of any use in commerce, or any use whatsoever, in the United States prior to the Plaintiffs' March 2015 date of first use.

58.     The T.T.A.B. Decision should be reversed and vacated, and an order should be entered directing the U.S.P.T.O. to: (1) reverse its decision and sustain Plaintiffs' cancellation against Defendants' OMNI BIOTIC Registration; (2) cancel Defendants' Registration in part; and (3) allow Plaintiffs' 028 Application.

**SECOND CLAIM FOR RELIEF**
**Unfair Competition and False Designation of Origin Under**
**Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)**

59.     Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

60.     Plaintiffs have rights in the OMNIBIOTICS Mark that are superior to any rights Defendants may have in the OMNI BIOTIC Mark, which Defendants improperly registered and now use in connection with identical, similar, and/or related goods to those offered by Plaintiffs.

61.     Consumers associate the OMNIBIOTICS Mark with Plaintiffs as the single source of the goods and services provided under that mark.

62.     Plaintiffs have not given Defendants consent, permission, or license to use the OMNIBIOTICS Marks.

63.     Defendants' use and further impending plans to expand use in commerce of Defendants' Mark to offer, distribute, and/or advertise Defendants' goods, is likely to cause confusion, or cause mistake, or deceive relevant consumers, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

64.     Defendants knew or should have known by the exercise of reasonable care, that their use of the OMNI BIOTIC mark in connection with health supplements would cause confusion, mistake, or deception among consumers with Plaintiffs' OMNIBIOTICS Mark.

65.     Defendants' acts alleged herein have permitted and/or will permit Defendants to earn substantial revenues and profits on the strength of Plaintiffs' OMNIBIOTICS Mark.

66.     As a result of Defendants' acts alleged herein, Plaintiffs have suffered and are continuing to suffer damages and irreparable harm to its businesses, trade, reputation, and goodwill as a result of the erroneous perception that the goods of Defendants are affiliated with, sponsored by, approved by, or originate form Plaintiffs.

67.     As a result of Defendants' acts alleged herein, Plaintiffs have suffered and are continuing to suffer irreparable injury. Plaintiffs cannot be adequately compensated for these injuries by damages alone, and Plaintiffs have no adequate remedy at law for Defendants' infringement of its rights. Plaintiffs are entitled to preliminary and permanent injunctive relief, Defendants' profits trebled, as well as Plaintiffs' attorneys' fees and costs pursuant to 15 U.S.C. § 1117.

## THIRD CLAIM FOR RELIEF
### Trademark Infringement under Virginia Common Law

68.     Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

69.     This claim arises under Virginia common law for trademark infringement with regard to Defendants' unauthorized use of Plaintiffs' OMNIBIOTICS Mark and brand.

70.     The OMNIBIOTICS Mark and brand are valid, protectable, and enforceable.

71.     Plaintiffs have continuously and exclusively used OMNIBIOTICS since 2015 in connection with the advertisement, promotion, offer, and sale of, among other things, health supplements, prior to Defendants' use of OMNI BIOTIC in connection with similar, related, and/or identical goods.

12

72.     By reason of Plaintiffs' continuous and exclusive use and promotion of OMNIBIOTICS, as well as the distinctiveness of OMNIBIOTICS, consumers associate OMNIBIOTICS with a single source of goods provided under the OMNIBIOTICS Mark by Plaintiffs.

73.     Defendants use of the OMNI BIOTIC mark to promote the sale of, and in fact sell, goods that are identical or substantially similar to those offered by Plaintiffs in connection with their OMNIBIOTIC Mark.

74.     Defendants' use of OMNI BIOTIC creates a likelihood of confusion, mistake, or deception among consumers between Defendants' goods and the goods offered by Plaintiffs in connection with OMNIBIOTICS.

75.     Defendants knew or should have known that their use of OMNI BIOTIC in connection with health supplements, in addition to related goods, would cause confusion, mistake, or deception among consumers of those services.

76.     Defendants' use of OMNI BIOTIC is likely to cause consumers and other members of the public to believe in error that Defendants' goods have been authorized, sponsored, approved, or endorsed by Plaintiffs, or that Defendants are in some way affiliated with Plaintiffs.

77.     Defendants' actions, as described above, may be likely to cause confusion, to cause mistake, or to deceive as to the origin, sponsorship, or approval of Plaintiffs, their products, and/or their commercial activities by or with Plaintiffs, and thus constitute trademark infringement under Virginia common law.

78.     By reason of Defendants' acts alleged herein, Plaintiffs have suffered and are continuing to suffer irreparable damages to their business, trade, reputation, and goodwill as a

result of the erroneous perception that the goods of Defendants are affiliated with, sponsored by, approved by, or originate from Plaintiffs.

79.    Defendants' acts alleged herein have permitted and/or will permit Defendants to earn substantial revenues and profits on the strength of Plaintiffs' OMNIBIOTICS Mark.

80.    Defendants' actions, as described above, may likely cause confusion, or mistake, or deceive as to the origin, sponsorship, or approval of Plaintiffs, their products, and/or their commercial activities by or with Plaintiffs, and thus constitute trademark infringement under Virginia common law.

## FOURTH CLAIM FOR RELIEF
### Unfair Competition under Virginia Common Law

81.    Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

82.    Plaintiffs have rights in the OMNIBIOTICS Mark that are superior to any rights Defendants may have in Defendants' Mark, which Defendants improperly use in connection with identical, similar, and/or related goods to those offered by Plaintiffs.

83.    Consumers associate the OMNIBIOTICS Mark with Plaintiffs as the single source of the goods and services provided under that mark.

84.    Plaintiffs have not given Defendants consent, permission, or license to use the OMNIBIOTICS Mark.

85.    Defendants' use of Defendants' Mark to offer, distribute, and/or advertise Defendants' goods, is likely to cause confusion, or cause mistake, or deceive relevant consumers, in violation of Virginia common law.

86.     Defendants knew or should have known by the exercise of reasonable care that their use of Defendants' Mark in connection with health supplements would cause confusion, mistake, or deception among consumers with Plaintiffs' OMNIBIOTICS Mark.

87.     Defendants' acts alleged herein have permitted and/or will permit Defendants to earn substantial revenues and profits on the strength of Plaintiffs' OMNIBIOTICS Mark.

88.     Defendants' actions, as described above, may likely cause confusion, or mistake, or deceive as to the origin, sponsorship, or approval of Plaintiffs, their products, and/or their commercial activities by or with Plaintiffs, and thus constitute trademark infringement, false designation of origin, passing off, and unfair competition under Virginia common law.

### FIFTH CLAIM FOR RELIEF
**In the Alternative, Declaratory Relief for Non-Infringement
and No Likelihood of Confusion pursuant to the Declaratory Judgment Act**

89.     Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

90.     Plaintiffs' OMNIBIOTICS Mark was created and used prior to and with no intent to trade off the goodwill, if any exists, in Defendants' Mark.

91.     The U.S.P.T.O. cited the 392 Registration for Defendants' Mark because of a likelihood of confusion against the 028 Application for the OMNIBIOTICS Mark as basis for the U.S.P.T.O.'s refusal of registration.

92.     Since at least 2015, Plaintiffs have used the OMNIBIOTICS Mark to market, advertise, and sell, among other goods, health supplements.

93.     Plaintiffs have used their website, most recently linked at http://omnibiotics.com and third party websites to sell their goods in the United States bearing the OMNIBIOTICS Mark since at least 2015.

94.     Upon information and belief, Defendants did not sell goods bearing Defendants'
Mark in the United States until 2019.

95.     For the last two years, Defendants have used Defendants' Mark to market,
advertise, and sell, among other goods, health supplements in the United States.

96.     Between 2015 and 2019, Plaintiffs sold goods bearing the OMNIBIOTICS Mark
in the United States without any confusion with Defendants.

97.     Plaintiffs' use of the OMNIBIOTICS Mark in connection with health goods and
related supplements is lawful and Defendants have waived any right to challenge Plaintiffs' use
of their OMNIBIOTICS Mark given the extensive use by Plaintiffs without any confusion.

98.     Plaintiffs use of the OMNIBIOTICS Mark does not infringe on any valid
trademark right of Defendants or on any rights that may be embodied in Defendants' 392
Registration, or otherwise constitute unfair competition, under federal, state and/or common law,
and Defendants' delay amounts to laches or estoppel against any enforcement regarding
Plaintiffs' use of their OMNIBIOTICS Mark.

99.     The U.S.P.T.O.'s finding of a likelihood of confusion and refusal to grant
registration is unfounded due to the substantive previous and concurrent uses of Plaintiffs'
OMNIBIOTICS Mark and Defendants' Mark.

100.     An actual and justiciable controversy exists between the parties with respect to
whether Plaintiffs' OMNIBIOTIC Mark creates a likelihood of confusion with Defendants'
Mark.

101.     Plaintiffs seek a declaratory judgment pursuant to the Declaratory Judgment Act,
28 U.S.C. § 2201, 15 U.S.C. § 1119 and Fed. R. Civ. P. 57 that:

a.     Defendants' Mark is not properly subject to trademark protection under International Class 005, and that the asserted trademark protection under International Class 005 is invalid and unenforceable;

b.     Even if Defendants' Mark was subject to trademark protection, Plaintiffs' OMNIBIOTICS Mark does not infringe on any of Defendants' trademark rights.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff respectfully demands a trial by jury on all issues properly triable by a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor on each and every claim for relief set forth above and award Plaintiffs relief, including, but not limited to, the following:

A. An Order reversing and vacating the decision in *Green v. Institut Allergosan Pharmazeutische Produkte Forschungs- und Vertriebs GmbH*¸ Cancellation No. 92069600 (T.T.A.B. Sept. 1, 2021), sustaining the cancellation against Defendants' OMNI BIOTIC mark, and partially cancelling registration of Defendants' OMNI BIOTIC mark;

B. An Order declaring that Defendants' uses and/or registration of the OMNI BIOTIC mark infringe Plaintiffs' OMNIBIOTICS Mark, and constitute unfair competition under federal and/or state law, as detailed above;

C. A permanent injunction enjoining Defendants and their employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies,

affiliates, distributors, dealers, and all persons in active concert or participation with any of them:

    a.  From using, registering, or seeking to register the OMNI BIOTIC mark in any form, including in connection with any other wording or designs, and from using any other marks, logos, designs, designations, or indicators that are confusingly similar to and/or dilutive of Plaintiffs' OMNIBIOTICS Mark;

    b.  From representing by any means whatsoever, directly or indirectly, that Defendants, any products or services offered by Defendants, or any activities undertaken by Defendants is/are associated or connected in any way with Plaintiffs or sponsored by or affiliated with Plaintiffs in any way; and

    c.  From assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs C(a)-(b).

D.  An Order directing Defendants to destroy all products, packaging, signage, advertisements, promotional materials, stationery, forms, and/or any other materials and things that contain or bear the OMNI BIOTIC mark, or any other marks, logos, designs, designations, or indicators that are confusingly similar to and/or dilutive of Plaintiffs' OMNIBIOTICS Mark;

E.  An Order requiring Defendants to disseminate pre-approved corrective advertising and send pre-approved letters to all U.S. customers, resellers, retailers, agents, partners, and/or representatives to address the likely confusion and/or dilution caused by use of the OMNI BIOTIC mark.

F.  An Order directing that, within thirty (30) days after the entry of the injunction, Defendants file with this Court and serve on Plaintiffs' attorneys a report in writing and

under oath setting forth in detail the manner and form in which Defendants have

complied with the injunction;

G.  An Order requiring Defendants to account for and pay to Plaintiffs any and all profits

arising from the foregoing acts, and increasing such profits, in accordance with 15 U.S.C.

§ 1117 and other applicable laws;

H.  An Order requiring Defendants to pay Plaintiffs damages in an amount as yet

undetermined caused by the foregoing acts, and trebling such damages in accordance

with 15 U.S.C. § 1117 and other applicable laws;

I.  An Order requiring Defendants to pay Plaintiffs all of their litigation expenses, including

reasonable attorneys' fees and the costs of this action pursuant to 15 U.S.C. § 1117 and

other applicable laws;

J.  An Order requiring Defendants to pay Plaintiffs punitive damages for trademark

infringement and unfair competition under Virginia common law;

K.  Or alternatively, an Order declaring Plaintiffs' OMNIBIOTICS Mark does not infringe

Defendants' rights in the OMNI BIOTIC mark.

L.  Other relief as the Court may deem appropriate.


Dated:  November 3, 2021                Respectfully submitted,

                                        By: */s/ Richard T. Matthews*
                                            Richard T. Matthews
                                            Virginia State Bar No. 71241
                                            Counsel for Plaintiffs
                                            WILLIAMS MULLEN
                                            301 Fayetteville Street, Suite 1700
                                            Raleigh, NC 27601
                                            Telephone: (919) 981-4070
                                            Facsimile: (919) 981-4300
                                            rmatthews@williamsmullen.com

## <u>VERIFICATION</u>

I, Jason Green, declare as follows:

1.     I am an individual Plaintiff in the present case, sole member of Plaintiff Omnibiotics, LLC, and over the age of eighteen (18).

2.     I have personal knowledge of the allegations set out in the foregoing *Verified Complaint and for Declaratory Relief*, and if called on to testify I would competently testify as to the matters stated herein.

3.     I verify under penalty of perjury under the laws of the United States of America that the factual statements in the foregoing *Verified Complaint and for Declaratory Relief* concerning myself and Omnibiotics, LLC are true to the best of my knowledge.

Executed on November 3, 2021.

Jason Green